# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN WILLIAMS, WARDEN; JAMES DZURENDA, DIRECTOR; THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS; THE STATE OF NEVADA; AND OFFENDER MANAGEMENT DIVISION,
Appellants,
vs.
PRESTON JAKES,
Respondent.

No. 77128

FILED

JUL 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part a postconviction petition for a writ of habeas corpus challenging the computation of time served. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

The district court granted respondent Preston Jakes claim seeking application of statutory good time credits to his minimum term for the crime of attempted sexual assault.[1] The State argues the district court erred because the attempted sexual assault count was charged as a continuing offense with a date range of 2006-2010, and in 2007, the Legislature amended NRS 209.4465 to preclude application of statutory

---

[1]The district court denied several other claims relating to credits. Jakes did not file a cross-appeal or a brief in this matter. Thus, we do not address the decision denying relief on the remaining claims.

19-29286

good time credits to the minimum term for a conviction of attempted sexual assault. 2007 Nev. Stat., ch. 525, § 5, at 3177 (NRS 209.4465(8)). Relying upon our unpublished decision in *Smith v. Baca*, Docket No. 71984 (Order of Affirmance, December 14, 2017) (child abuse is a continuing offense), the State argues that the statute in effect on the last date of a continuing offense controls for purposes of determining statutory credits. Because we disagree that attempted sexual assault is a continuing offense, we affirm.

This court "consider[s] an offense to be a continuing offense only when 'the explicit language of the substantive criminal statute compels such a conclusion, *or* the nature of the crime involved is such that [the Legislature] must assuredly have intended that it be treated as a continuing one.'" *Rimer v. State*, 131 Nev. 307, 319, 351 P.3d 697, 706 (2015)(quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). Nothing in NRS 200.366 (defining sexual assault as the act of sexual penetration) or NRS 193.330(1) (defining an attempt as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it") indicates that attempted sexual assault is a continuing offense. An attempted sexual assault is an act, not a pattern of behavior. The fact that child abuse is a continuing offense and may be committed by an act of sexual abuse, *see* NRS 200.508(4)(a), does not mean that the Legislature intended to treat the offense of attempted sexual assault as a continuing offense. And the fact that the charging document sets forth a date range for the offense does not mean that the offense was a continuing offense. *Wilson v. State*, 121 Nev. 345, 368-69, 114 P.3d 285, 301 (2005) (recognizing that the State is not required to allege an exact date unless time is an element of the charge provided that the defendant is given sufficient notice of the charges). The State has offered

no other argument that the post-2007 version of NRS 209.4465 controls. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Linda Marie Bell, Chief Judge
Attorney General/Las Vegas
Preston Jakes
Eighth District Court Clerk